## MITCHELL v STATE OF FLORIDA

Case No. 88-0415-AC A02 (County Court Case Nos. 88-14867-TC A02, 88-82291-TI A02 and 88-17999-TC A02)

Fifteenth Judicial Circuit, Palm Beach County

October 2, 1989

### APPEARANCES OF COUNSEL

**Richard Springer, Esquire,** for appellant.

**David Bludworth, Esquire,** State Attorney, for appellee.

Before CARLISLE, COHEN, MILLER, JJ.

### OPINION OF THE COURT

CARLISLE, J.

The issue in this case is whether spontaneous statements and actions on a video tape, which reflect an impaired condition, are admissible

48

even though some of the statements purport to be an invocation of Fifth Amendment rights.

Mitchell was arrested for Driving While Under the Influence of alcohol/drugs (DUI) and taken to a breath alcohol testing unit (Batmobile). The procedures at the Batmobile were video taped and the video tape was shown to the jury. Appellant contends it was error to admit the video tape before the jury because it depicts him invoking his Fifth Amendment privilege.

This Court has reviewed the video tape. The video tape shows Mitchell, an obnoxious, loud-mouthed drunk, talking almost constantly and interrupting the officers who were asking him to remain silent. The officers did not ask Mitchell any questions. Throughout Mitchell insisted that the television cameras be turned off because they violated his First Amendment rights. He insisted he was "not intoxinated" (sic) and that he had been "unlawfully impregnated" (sic). During the course of the filing he urinated in his pants. Throughout the filming he enthusiastically exercised his First Amendment rights at the top of his voice. At one point during this drunken tirade he mentioned his Fifth Amendment rights.

Mitchell had no right to refuse to be video taped. He was required to submit to a breathalyzer test. In *South Dakota v Neville,* 74 L.Ed 2d 748, it was held that a refusal to take a blood alcohol test is not protected by the privilege against self-incrimination. *Neville* held that evidence of the refusal is admissible in evidence as evidence of guilt. Had Neville wrapped his refusal in the Fifth Amendment it would, nevertheless, have been admissible.

The Fifth Amendment protects against coerced testimony only. It does not protect against conduct. Speech itself can be conduct. If the invocation of the Fifth Amendment occurs as part of a tirade, the totality of which is nothing more than conduct evincing drunkenness, it is admissible in evidence.[1]

Put another way, evidence of a drunken tirade does not become inadmissible because the drunk "got lucky" and mentions the Fifth Amendment.

The judgment of the trial court is affirmed.

COHEN, MILLER, JJ., concurring.

---

[1] This situation should be distinguished from one in which an individual, for example, says "I invoke my right against self-incrimination" and in so doing slurs his words. While the slurring of words might provide some evidence of impairment, it is outweighed by the prejudicial effect of the invocation of the right to remain silent.